SANBORN *v.* RODGERS.

*(Circuit Court, W. D. Michigan, S. D.* February 21, 1888.)

1. POWERS—OF ATTORNEY—REVOCABILITY.
   A declaration set out a power of attorney given by defendant to plaintiff, authorizing him to collect for certain infringements of a patent. It also set out a contemporaneous agreement concerning the amount of compensation plaintiff was to receive, and that he was to have exclusive control of such business in certain territory. On demurrer, *held*, that the power of attorney, standing alone, was revocable; but, taken with the other contract, it was irrevocable, so far as it had been acted upon.

2. SAME.
   *Held*, also, that the contract was unilateral, and continued so until its acceptance, and that a failure to allege that the plaintiff accepted the contract, or entered upon the performance, and gave notice thereof to the defendant, was a fatal defect.

3. FRAUDS—STATUTE OF—DEMURRER.
   When a contract is stated in a declaration, but it is not alleged whether it is in writing or not, there is no ground for demurrer.[1]

[1] It did not appear on the face of a complaint for specific performance that the proposition from defendant, specifying the conditions on which he would convey, was not in writing. *Held*, that the question whether defendant's proposition was in writing could not be raised by demurrer. If raised at all, it must be by answer. Hayt v. Hunt, (Colo.) 15 Pac. Rep. 410.

When a pleading alleges an agreement which would be within the statute of frauds, unless in writing, it will be presumed to be a written contract. Swetland v. Barret, (Mont.) 1 Pac. Rep. 745. On the contrary, it is held in Smith v. Theobald (Ky.) 5 S. W. Rep. 394, that a petition based upon a contract required to be in writing, and signed by the defendant, is demurrable if it does not set out the fact of the writing and signature.

A complaint alleging a cause of action, but omitting the averment that an agreement relating to land was in writing, is sufficient on demurrer. Groce v. Jenkins, (S. C.) 5 S. E. Rep. 352.

At Law.   On demurrer.

The plaintiff's declaration, omitting the formal parts, is as follows:

* * *   Jesse K. Sanborn complains of Alexander Rodgers   * * *   for that the said defendant did make and execute a certain instrument in writing, signed by him, and did deliver the same to the said plaintiff, which said instrument is in the words and figures following, to-wit:

"MUSKEGON, Mich., July 8, 1881.

"*To Whom It may Concern:* This is to certify that I hereby authorize J. K. Sanborn to collect for all infringements of my patent tooth-bar log-turner, No. 81,432, and the reissue of the same, No. 5,487, July 1873, in the state of New York and Pennsylvania, the damages awarded to me in the U. S. court at Grand Rapids, Michigan, viz., two hundred and forty dollars on each infringing machine.   Parties so settling will avoid all further trouble, and will be entitled to a license to use the same ever afterwards.   Said license will be forwarded from Muskegon by the patentee.

[Signed]                          "ALEXANDER RODGERS."

—That, at the time of the making and execution of the aforesaid instrument of writing or power of attorney, the said defendant undertook and agreed to and with the said plaintiff, by a contract or agreement then and there entered into by and between the said plaintiff and the said defendant, to pay to said plaintiff the sum of $100 for each and every infringing machine made or used in violation of the rights secured by the letters patent, and the reissue thereof, mentioned in said instrument of writing or power of attorney, on which said plaintiff should receive or collect the said sum of $240, in the states of New York and Pennsylvania, and the like sum of $100 on each infringing machine for which the money should be paid to said defendant, whether the same should be paid to or collected by said plaintiff, or to or by said defendant, or to or by any other person for the said defendant, in the said states of New York and Pennsylvania.   And the said defendant on, to-wit, the day and year aforesaid, further agreed to and with said plaintiff that he, (said defendant,) would not send any agents to look up infringements within the said states of New York and Pennsylvania, or in any manner interfere with the business of collecting information, evidence, or damages concerning cases of infringements as aforesaid.   That by virtue of the authority contained in said instrument of writing or power of attorney, and in pursuance of and upon the faith of said promise and agreement of defendant, said plaintiff did proceed to make the collections so authorized and provided to be made by him, and did proceed to make the collections so authorized and provided to be made by him, and did continue in said business and employment for a period of four years, laboriously and faithfully performing his duties according to the terms of his agreement made with said defendant; and, in so doing, said plaintiff did expend a large sum of money, to-wit, the sum of $3,000, and also a large amount of time, to-wit, four years, in making search for cases of infringement of said letters patent, and the reissue thereof, in said states of New York and Pennsylvania.   That by means of such labor and expenditures, said plaintiff had, at the date of transferring by said defendant of his rights to said letters patent as hereinafter set forth, discovered and procured proofs to establish a large number of cases of such infringement, to-wit, 200 cases in the said states of New York and Pennsylvania; whereby said plaintiff earned and became entitled to collect and receive from said defendant, the sum of $100 for each of said cases of infringement so discovered, and the proofs to establish which were so furnished as aforesaid by him.   That, by means of such labor and expenditures, said plaintiff also discovered the names of, to-wit, 50 other persons, in the said states of New York and Pennsylvania, and had, at the

date of the transferring by said defendant of his rights to said letters patent, as hereinafter set forth, commenced proceedings for procuring the proofs to establish the same in each of said cases; whereby said plaintiff earned and became entitled to collect of and receive from the said defendant $100 for his services in each of said last-named cases, and the further sum of, to-wit, $100 in each of said cases for his expenses incurred therein, as above set forth. That on, to-wit, the 15th day of April, A. D. 1885, the said defendant sold and assigned, in instrument in writing by him duly executed and delivered, to one John Torrant, of Muskegon, in the state of Michigan, all his right, title, interest, and claim in and to the said letters patent, and in and to the reissue thereof, and of the interests theretofore acquired by him thereunder, without the consent or concurrence of said plaintiff, and without providing for the payment to said plaintiff of the moneys so due him by reason of the services and expenditures theretofore rendered and expended by him, and without paying the same or any part thereof to said plaintiff. That said John Torrant has, since the date of the assignment of said letters patent, and the reissue thereof to him by the said defendant, taken the entire control of the collection of the amounts due and collectible for infringements, the proofs to establish which were so discovered and procured by said plaintiff, in the said states of New York and Pennsylvania, and hath refused to recognize or employ said plaintiff in said business, or to pay over to him the several amounts earned and expended by him. And that said John Torrant hath, from the date of said assignment last mentioned, prevented the said plaintiff from making any collections of the moneys due for such infringements, and from acting further under said power of attorney and said contract with said defendant, to the plaintiff's damage, to-wit, $20,000. Wherefore an action hath accrued to said plaintiff to have of and from the said defendant the said several sums of money so earned and expended by him in looking up said cases of infringement of said letters patent, and the reissue thereof, and procuring proofs to establish the same, to-wit, the sum of $20,000, and therefor he brings suit.

Defendant demurred to the declaration on the following grounds:

(1) It does not appear in and by said declaration that the power of attorney therein set forth was not revocable by the said defendant. (2) It does not appear in said declaration that the said plaintiff ever entered upon the performance, or performed the said contract, to the knowledge of the defendant. (3) It does not appear therein that, during the four years plaintiff alleges he operated under the alleged contract, that he (plaintiff) reported to the defendant, or in any manner informed him (defendant) of his (plaintiff's) operations under said contract. (4) It appears by the terms of the contract declared upon that the same was not to be by its terms performed within a year, and hence it was void.

*E. W. Withey,* for plaintiff.
*Smith, Nims, Hoyt & Erwin,* for defendant.

SEVERENS, J., (*after stating the facts as above.*) The facts fairly and sufficiently stated in the declaration are, for the present purpose, to be taken as admitted. This being so, the court holds and rules as follows:

1. The power of attorney set out in the declaration, if standing alone, would be revocable.

2. But, being contemporaneous with an agreement relating to the same subject between the same parties, it must be taken as part thereof, and, when accepted, or anything had been done by the plaintiff toward the

execution of the contract, with defendant's knowledge, the power was not revocable, at least in respect to those cases in which the plaintiff had rendered service. Whether it was revocable at all, in view of the allegation that the defendant stipulated that the plaintiff's service should be exclusive of any interference in that territory, it is not necessary to determine. Perhaps the contract and the power were alike irrevocable from their date if the plaintiff at that time gave notice to the defendant of his acceptance of the offer or promise. Probably the latter is correct.

3. It was necessary that the plaintiff should, within a reasonable time, either have expressly notified the defendant of his acceptance, or have entered upon the performance of the undertaking and given notice thereof to the defendant. The contract alleged in the declaration is wholly unilateral, and continued so until acceptance, either expressed, or implied from entering upon the service with the knowledge of the defendant. The declaration is faulty in this particular.

4. It is alleged that the defendant assigned his patent and "all interests acquired thereunder" to another without the consent of this plaintiff, and without providing for payment of plaintiff. The court is inclined to hold that this disabled the defendant from doing those things in respect of his contract with the plaintiff,—if the contract was closed by acceptance, —which are fairly implied from the contract, and put such obstruction in the way of its execution, as to justify the plaintiff in treating it as repudiated by the wrongful act of the defendant. But as the demurrer is sustained on other grounds, no definite opinion is now declared.

5. In respect to the objection that the alleged contract was within the statute of frauds, and so should have been alleged to be in writing, the ruling is that this question is not before the court. It is not necessary to allege that it was in writing, but only that the contract was made. The point can only arise upon an offer of testimony, where the declaration does not allege it was by parol.

The demurrer must be sustained. Leave will be given to plaintiff to amend his declaration, otherwise there must be judgment for the defendant.